1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BRIAN R. MARTIN,

               Plaintiff,

   v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

               Defendants.

_____/

CASE NO. 1:07-cv-01670-OWW-SMS PC

ORDER REQUIRING PLAINTIFF TO EITHER
FILE AMENDED COMPLAINT OR NOTIFY
COURT OF WILLINGNESS TO PROCEED
ONLY ON CLAIMS FOUND TO BE
COGNIZABLE

(Doc. 1)

RESPONSE DUE WITHIN THIRTY DAYS

## Screening Order

### I.    Screening Requirement

       Plaintiff Brian R. Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 25, 2007.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    <u>Plaintiff's Eighth Amendment Medical Care Claims</u>

Plaintiff is currently housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran. The events giving rise to the claims at issue in this action allegedly occurred at Deuel Vocational Institution ("DVI") in Tracy and Sierra Conservation Center ("SCC") in Jamestown. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution stemming from prison officials' failure to provide him with proper and/or adequate medical diagnosis and treatment.

Plaintiff alleges that he injured his right calf muscle on April 8, 2004, while playing basketball at DVI. Plaintiff was seen by Defendant Fox, who examined him and diagnosed him with a torn calf muscle. Defendant Fox prescribed a pain reliever and a muscle relaxant but did not order an x-ray or MRI and did not provide a bandage or walking assistance device. Plaintiff was informed his injury would take six to eight weeks to heal, and he should come back in a month. Plaintiff alleges he was called in for a follow-up the next month, but after his vital statistics were taken, he was escorted back to his housing unit and informed his medications were being renewed. Plaintiff was not seen by a doctor or re-examined but was told a follow-up would be scheduled the next month. Plaintiff was subsequently transferred to SCC on June 1, 2004.

///

///

Upon his arrival at SCC, Plaintiff was seen by Dr. Parkinson for non-medical needs and mentioned his injury.  Dr. Parkinson prescribed some pain medication and scheduled Plaintiff to be seen by the podiatrist, but did not examine Plaintiff or provide crutches, bandages, or a cane.

Plaintiff was seen by Defendant Zodnoik, the podiatrist, on July 12, 2004, but the appointment was almost immediately interrupted by a phone call about an emergency.  Plaintiff was told he would be re-ducated the next month.  From mid-August 2004 to mid-October 2004, Plaintiff was gone from SCC for court proceedings and did not receive any medical treatment during that time due to his out-to-court status.

On October 14, 2004, following his return to SCC, Plaintiff was seen by Defendant Ioanne. From that point on, Plaintiff was seen on multiple occasions by Defendant Ioanne, Zodnoik, and Thomatos.[1]  On September 15, 2005, Plaintiff was finally seen by an outside podiatric surgeon, who was upset that Plaintiff was not seen sooner.  Plaintiff was informed that surgery was no longer an option because his leg had healed improperly and he would be unable to walk without crutches.

 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or

[1] Plaintiff's complaint is fairly lengthy and detailed.  However, the Court does not deem it necessary to summarize in any further detail Plaintiff's various appointments.  It is sufficient to note that these three Defendants were on notice regarding Plaintiff's ongoing medical problem, and that the injury was not resolving under the course of treatment being prescribed.

3

1  intentionally interfere with medical treatment, or it may be shown by the way in which prison

2  physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).

3  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

4  further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical

5  needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

6  407 (9th Cir. 1985)).

7          Plaintiff has sufficiently alleged the existence of a serious medical need and that further harm

8  resulted due to the delay in properly diagnosing and treating his injury.  Further, Plaintiff has alleged

9  sufficient facts to allow him to proceed against Defendants Ioanne, Zodnoik, and Thomatos for

10  violation of the Eighth Amendment.  Plaintiff's allegations are sufficient to support a claim that

11  based on their knowledge of Plaintiff's injury and complaints, and their repeated involvement in his

12  care from July 2004 to September 2005, Defendants may be liable under the Eighth Amendment.

13  However, Plaintiff's allegations do not give rise to a claim for relief against Defendant Fox, who

14  initially saw Plaintiff after his injury at DVI.  Defendant Fox diagnosed Plaintiff's injury and

15  provided treatment.  The fact that Defendant's diagnosis may have ultimately been proven to be

16  wrong or that Defendant failed to pull out all of the stops for Plaintiff (ordering x-rays and an MRI,

17  and providing Plaintiff with bandages or a walking device) does not support an Eighth Amendment

18  claim.  There is simply no support for a claim that Defendant Fox "[knew] of and disregard[ed] an

19  excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

20          Likewise, Plaintiff's allegations are not sufficient to support a claim against Defendant

21  Teagarden.  Unlike with Defendants Ioanne, Zodnoik, and Thomatos, there are no allegations that

22  Defendant Teagarden disregarded Plaintiff's complaints or was responsible for any delay.  Plaintiff

23  saw Defendant Teagarden on February 2, 2005, after he re-injured his calf muscle and again on

24  March 21, 2005, at which time Defendant Teagarden continued Plaintiff's pain medication and

25  informed Plaintiff that he was scheduled for surgery in three days.  The factual allegations do not

26  support any inference that Defendant Teagarden "[knew] of and disregard[ed] an excessive risk to

27  [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

28  ///

**III.    Conclusion and Order**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Ioanne, Zodnoik, and Thomatos, but fails to state a claim against Defendants Fox and Teagarden.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Ioanne, Zodnoik, and Thomatos, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants Fox and Teagarden be dismissed from this action, and will forward Plaintiff three summonses and three USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

1                   a.       File an amended complaint curing the deficiencies identified by the Court in

2                              this order, or

3                   b.       Notify the Court in writing that he does not wish to file an amended

4                              complaint and wishes to proceed only against Defendants Ioanne, Zodnoik,

5                              and Thomatos on his Eighth Amendment medical care claim; and

6       3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to

7            obey a court order.

8

9 IT IS SO ORDERED.

10 **Dated:**   **April 4, 2008**                     **/s/ Sandra M. Snyder**

                                                UNITED STATES MAGISTRATE JUDGE